Morris Ruden
vs.
Frank S. Comstock
d. b. a. Comstock & Co. }Law No. 93873.

March 20, 1935.

CURRAN, J. Heard on plaintiff's motion for a new trial after verdict for defendant.

This case was tried with Law No. 93872. The plaintiff here was a passenger in the car driven by the plaintiff in that action.

In a rescript filed herewith in Law No. 93872, the facts with respect to the collision between the car in which

plaintiff was riding and the defendant's truck are fully stated and the Court feel it is unnecessary to re-state them here. In addition to the facts there stated, it appeared that the plaintiff Morris was riding in the front seat of the car owned and operated by his brother Emanuel at the time of the collision. Under the instructions of the Court, the jury could have found either that the plaintiff, Morris, so far as the operation of the car was concerned, was engaged with his brother Emanuel in a joint enterprise in which the contributory negligence of Emanuel could be attributed to the plaintiff, or that there was no negligence in the defendant.

The Court is satisfied that the verdict could and ought to be supported on either ground. We think the evidence strongly preponderates in favor of the proposition that there was no negligence in defendant and had the verdict been for the plaintiff, it would have been against a fair preponderance of the evidence.

Motion for new trial denied.